CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 1 0 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEROME PAINTER,<br>    Plaintiff, | Civil Action No. 7:08-cv-00201 |
| v. | **MEMORANDUM OPINION** |
| ANDREW A. PROTOGYROU,<br>    Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Jerome Painter, an inmate at Wallens Ridge State Prison in Big Stone Gap, Virginia, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff seeks to recover damages in excess of $315,000.00 against his former appellate counsel, based on counsel's alleged failure to properly perfect plaintiff's direct appeal to the Supreme Court of Virginia. He contends that the defendant violated his constitutional rights because he "acted under Color of State Law." For the reasons that follow, I will dismiss the complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[1]

As a private citizen, plaintiff's counsel is not subject to liability under § 1983 unless he engaged in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[l]ike the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Plaintiff's conclusory allegations that the defendant acted under color of state law are legally insufficient. See Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983) ("[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). Moreover, defense counsel, including appellate counsel, is not a state actor amenable to suit under § 1983, regardless of whether counsel is privately retained or publicly appointed. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (privately retained); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (state appointed); Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (public defender).[2]

Accordingly, I conclude that the plaintiff has failed to state a claim under § 1983. The complaint will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[3]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 10th day of March, 2008.

                                        /s/ Jackson L. Kiser
                                        Senior United States District Judge

---

[2] Although an attorney who conspires with a state official to violate constitutional rights acts under color of state law, Tower v. Glover, 467 U.S. 914, 920 (1984), a plaintiff must make more than a naked assertion of conspiracy, Phillips v. Mashburn, 746 F.2d 782, 85 (11th Cir. 1984).

[3] Having determined to dismiss the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over any claim plaintiff may purport to bring under state law. See 28 U.S.C. § 1367(c).